# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| KEVIN J. HUME & <br> MICHELLE HUME | § <br> § <br> § | PLAINTIFFS |
| v. | § <br> § | Civil Action No. 1:08cv189HSO-JMR |
| EVANSTON INSURANCE CO. & <br> WELLS FARGO HOME <br> MORTGAGE | § <br> § <br> § | DEFENDANTS |

## ORDER AND REASONS GRANTING DEFENDANT EVANSTON'S MOTION TO DISMISS

BEFORE THE COURT is a Motion to Dismiss filed July 2, 2008 [10-1], by Defendant Evanston Insurance Company ["Evanston"] pursuant to FED. R. CIV. P. Rule 12(b)(6), in the above styled and numbered cause. Plaintiffs responded [13-1] on July 15, 2008, and Defendant filed a Rebuttal [21-1] on July 24, 2008 [16-1]. After due consideration of the submissions, the record, and the relevant law, it is the opinion of the Court that Defendant's Motion must be granted.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiffs own a residence at 14021 Eccles Street in Picayune, Mississippi. During the relevant time period, a mortgage was maintained on this property by Mortgage Lenders Network. Wells Fargo subsequently purchased this loan. As a result of Hurricane Katrina on August 29, 2005, Plaintiffs' residence suffered extensive damage. According to the Complaint, Plaintiffs were insured under an insurance contract issued by Evanston for risks and perils, including hurricane

losses, to their dwelling and personal property.

Plaintiffs filed suit in Pearl River County Circuit Court on April 7, 2008, seeking damages for breach of insurance contract, as well as specific performance and indemnification on the part of Evanston. On May 12, 2008, Evanston filed a Notice of Removal to this Court pursuant to 28 U.S.C. § 1441(a), on the basis of diversity jurisdiction. Thereafter on May 15, 2008, Plaintiffs filed an Amendment to the Complaint [2-1] against Evanston, adding mortgage loan holder Wells Fargo Home Mortgage Company ["Wells Fargo"] as a necessary party. Evanston filed an Answer on May 15, 1008 [4-1], followed by Wells Fargo on June 5, 2008 [7-1]. Thereafter, Evanston filed the instant Motion.

## II. DISCUSSION

A. Standard Of Review

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)(*citing McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir. 1992)). "[T]he court may not look beyond the pleadings in ruling on the motion." *Baker*, 75 F.3d at 197. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff must provide the "grounds" of his "entitlement to relief," which requires more than labels and conclusions or formulaic recitations of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right

to relief above the speculative level." *Id.* at 1965.

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id. (quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)(*overruled on other grounds*)).

    1.    <u>Are Plaintiffs Named Insureds or Additional Insureds under the Policy?</u>

Evanston's Motion seeks dismissal of the Complaint on the grounds that "Plaintiffs have no standing to file this lawsuit as they are not insureds, additional insureds and/or third party beneficiaries to the insurance policy on which they base their claims against this Defendant." Def.'s Mot. ¶ 1 at p. 1. Evanston submits that the subject policy identifies the "insured" as follows:

> **Mortgage Lenders Network**
> **213 Court Street**
> **Middletown, CT 06457**

*See Standard Fire Insurance Policy at pp. 1-2, att. as Exhibit "1" to Def.'s Answer.*

Endorsement #2 of the Conditions and Definitions of the subject policy provides:

> [i]n consideration of the premium to be charged the Company (as shown on the Declaration Page) insures (but only in the event there is no other insurance applicable) the Lending Institution (the Insured as shown on the Declaration Page) against direct loss resulting from destruction of or damage to insured property, reported by the Insured on the reporting forms furnished by the Company, by the perils described in the policy.

> Insured means the Lending Institution named on the Declaration Page and it's [sic] affiliated, subsidiary and associated companies and/or corporations as now exists or may hereafter be constituted or acquired during the policy period.

*See Policy Conditions & Definitions at p. 8, att. as Exhibit "1" to Def.'s Answer.*

In addition, Evanston references the "Sworn Statement in Proof of Loss" attached to Plaintiffs' Response to the instant Motion, which identifies "Mortgage Lenders Network" as both the lienholder and the insured on the subject policy and further states that "no other person or persons had any interest therein or encumbrance thereon." Pls.' Sworn Statement in Proof of Loss, att. as Ex. "1" to Pls.' Resp. to Def.'s Mot. to Dismiss.

In their Response, Plaintiffs concede that they are not named or additional insureds under the subject policy. *See* Pls. Resp. to Def.'s Mot. to Dismiss at p. 4. Defendant's Motion should therefore be granted to the extent that Plaintiffs are not named or additional insureds under the Evanston insurance policy.

2. <u>Are Plaintiffs Third-Party Beneficiaries under the Policy?</u>

Evanston contends that Plaintiffs do not qualify as third-party beneficiaries under the policy due to lack of privity of contract. A third party may maintain an action as a third-party beneficiary to enforce a promise made for their benefit. *See Rein v. Benchmark Const. Co.,* 865 So. 2d 1134, 1145-46 (Miss. 2004)(*citing Burns v. Washington Savs.*, 171 So. 2d 322, 324 (1965)).

Plaintiffs maintain that under the terms of the subject policy, they qualify as third-party beneficiaries because the "insurance policy in question was purchased with

funds from the Humes' escrow account" and also because the policy "manifests an intent to confer a benefit upon the Humes as third party beneficiaries." Pls. Resp. to Def.'s Mot. to Dismiss at p. 5.

In *Gerard J.W. Bos & Co., Inc. v. Harkins & Co.,* 883 F.2d 379 (5th Cir. 1989), the Fifth Circuit explained that in order "[t]o achieve the status of a third-party beneficiary and thereby avoid the requirement of contract privity, the Supreme Court of Mississippi has expressly held that the plaintiff must show that 'the condition which is alleged to have been broken was placed in the contract [between third parties] for his direct benefit.'" *Gerard,* 883 F.2d at 382 (*quoting Ivey's Plumbing & Electric v. Petrochem Maint.,* 462 F. Supp. 543, 549 (N.D. Miss. 1978)).

More recently, this Court considered a factual scenario much like the one presented here. In *Paulk v. Balboa Insurance Co.,* 2006 WL 1994864 (S.D. Miss. 2006), the mortgage lender secured flood coverage for a particular residence owned by its borrowers, and paid premiums for the flood coverage out of the borrowers' escrow funds. In addressing the borrowers' argument concerning their status as a "third party beneficiary," *Paulk* relied on the Mississippi Supreme Court's decision in *Rein v. Benchmark*:

> [i]n order for the third person beneficiary to have a cause of action, the contracts between the original parties must have been entered into for his benefit, or at least such benefit must be the direct result of the performance within the contemplation of the parties as shown by its terms. There must have been a legal obligation or duty on the part of the promisee to such third person beneficiary. This obligation must have a legal duty which connects the beneficiary with the contract. In other

words, the right (of action) of the third party beneficiary to maintain an action on the contract must spring from the terms of the contract itself. No right against the contract promisor or promisee is acquired by a 'mere incidental beneficiary.'

*Paulk,* 2006 WL 1994864 at *2 (*quoting Rein v. Benchmark Const. Co.*, 865 So. 2d 1134, 1146 (Miss. 2004)).

Ultimately, this Court determined that because the Paulks failed to provide any evidence of a legal obligation or duty to them on the part of the insurer created by the insurance policy contract, any benefit to them was merely incidental and was therefore insufficient under Mississippi law to confer third-party beneficiary status. *Id.* at *3.

The Court is persuaded that in the present case, the subject policy does not contain terms, conditions or other language evidencing any legal obligation or duty on the part of Evanston to Plaintiffs, dictating a result in this case like the one in *Paulk*. To the extent Plaintiffs could in any way be construed beneficiaries of the policy, at best they were incidental ones, which is insufficient to withstand Evanston's Motion.

### III. CONCLUSION

The Court, after careful review and consideration of the evidence presented and the relevant legal authorities, and after considering the evidence in the light most favorable to Plaintiffs, including resolving all doubts in their favor, concludes that as a matter of law, Plaintiffs cannot maintain their claims against Evanston. Therefore, Evanston's Motion must be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, the Motion to Dismiss Complaint filed by Evanston on July 2, 2008 [10-

1], pursuant to FED. R. CIV. P. 12(b)(6) should be, and is, hereby **GRANTED,** and this case is hereby **DISMISSED WITH PREJUDICE** as against Evanston, with each party to bear their respective costs.

**SO ORDERED AND ADJUDGED**, this the 10th day of December, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE